People v Taylor (2025 NY Slip Op 06483)

People v Taylor

2025 NY Slip Op 06483

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

844 KA 23-00993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY TAYLOR, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered May 15, 2023. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to compel specific performance of the original plea agreement. We reject that contention. A defendant may not compel specific performance where the record does not reflect the defendant's unequivocal acceptance of a plea offer on which the defendant relied (see People v Johnson, 181 AD2d 832, 832 [2d Dept 1992], lv denied 80 NY2d 833 [1992]; see generally People v Hill, 254 AD2d 726, 727 [4th Dept 1998], lv denied 92 NY2d 1050 [1999]). Here, even assuming, arguendo, that defendant did unequivocally express his acceptance of the plea offer, we conclude that the court did not err in denying the motion inasmuch as defendant was not "placed in a no-return position in reliance on the plea agreement . . . such that specific performance is warranted as a matter of essential fairness" (People v Smith, 93 AD3d 1239, 1239 [4th Dept 2012] [internal quotation marks omitted]; see People v Weather, 106 AD3d 1518, 1520-1521 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]; People v Jones, 67 AD3d 1437, 1437 [4th Dept 2009], lv denied 14 NY3d 771 [2010]).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court